**WARRENSBURG CABLE, INC., Respondent,**

v.

**WARNER–CCC, INC., Wallace S. Reed and Tim Brooks, Appellants.**

**No. KCD 28748.**

Missouri Court of Appeals, Kansas City District.

Aug. 29, 1977.

C. B. Fitzgerald, Tom R. Williams, Warrensburg, for appellants.

Edgar S. Carroll, Warrensburg, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action by Warrensburg Cable, Inc., holder of a non-exclusive franchise for the operation of a Community Antenna Television System (CATV) in the City of Warrensburg, Missouri, to enjoin operation by Warner-CCC, Inc., of a similar system in Warrensburg.

Warner's predecessor had been granted a 10-year non-exclusive CATV franchise by Warrensburg in 1966. The term of the franchise expired January 10, 1976, without its renewal. Warner was dealing with city officials for a renewal of its franchise and it also made application to the Federal Communications Commission for a Certificate of Compliance for the operation of its system.

On January 30, 1976, Warrensburg Cable, Inc., filed this suit to enjoin Warner's operation, alleging that the operation by Warner was illegal because it had no franchise from the city and no Certificate of Compliance from the FCC.

Evidence was heard on February 17, 1976, on a request for a temporary injunction. At the conclusion of the hearing the court issued an order for a temporary injunction to become effective April 17, 1976, if on or before that date Warner had not received a franchise from the City of Warrensburg and a certificate of compliance from the FCC.

On March 24, 1976, the city granted a 15-year non-exclusive franchise to Warner. Warner amended its application before the FCC to show granting of the franchise.

Warner's motion to dissolve the temporary injunction was overruled, the court stating:

"Now on this 14th day of April, 1976, the Motion of Defendant Warner-CCC, Inc., to dissolve the temporary injunction heretofore entered is taken up and considered by the Court, and the Court being fully advised in the premises overrules the Motion to Dissolve the Temporary Injunction on the basis that a dual regulatory system

exists whereby the State of Missouri through its Courts can require that a company be in compliance not only with local regulation and franchise requirements, but also with the requirements of the Federal Communications Commission.

"In the present case the Defendant has obtained a franchise from the City of Warrensburg, but has not obtained a Certificate of Compliance from the Federal Communications Commission. In *Missouri Utilities Company vs. Scott-New Madrid-Mississippi Electric Co-op*, 475 S.W.2d 25, the Supreme Court of this State indicated that injunctive relief was available to a plaintiff where its competitor was acting unlawfully and without authority. In the present case it is the position of the Court that jurisdiction exists because there is no Certificate of Compliance from the Federal Communications Commission, and regardless of what action that administrative agency takes there can be no lawful authority unless and until it issues its Certificate of Compliance."

On April 19, 1976, a permanent injunction was ordered. This appeal followed.

Following the filing of the notice of appeal, the FCC issued its Memorandum Opinion and Order, FCC 76–633, *In re Application of Warner Cable of Warrensburg, Missouri.*

The order recited Warner's application of January 22, 1976, for a certificate of compliance and continued:

"2. An opposition to Warner's application was filed by Warrensburg Cable, Inc. (hereinafter WCI) on March 12, 1976. In its opposition WCI maintains that Warner's application should be dismissed because no franchise was filed with the application and because Warner's predecessor had previously failed to obtain a certificate pursuant to Section 214 of the Communications Act of 1934, as amended. In the alternative, WCI requests that the Commission refrain from acting on this application until the Commission acts on WCI's requested petition for a show cause order against Warner. *Warrensburg Cable Inc. v. United Telephone of Missouri*, FCC 74R–320, 48 FCC 2d 893 (1974). On February 17, 1976, the Circuit Court of Johnson County, Missouri, ordered Warner to obtain a franchise and Commission certification by April 19, 1976, or cease operation. On March 22, 1976, Warner filed its reply with the Commission. The City of Warrensburg issued Warner a franchise consistent with the Commission's Rules on March 24, 1976, and on March 26, 1976, Warner amended its application to include the new franchise. * * *

"3. A certificate of compliance signifies consistency with applicable Commission Rules. Because the outcome of *Warrensburg Cable Inc. v. United Telephone of Missouri, supra* (hereinafter *United Telephone*) will determine whether or not this system is in fact in compliance with all applicable rules and policy, a certificate of compliance cannot be issued until resolution of *United Telephone*. However, it is established Commission policy that where carriage of signals would comply with the Commission's rules, the public interest is not best served by indefinitely delaying authorization of those signals, pending final action in other Commission proceedings. *See Service Electric Cable TV, Inc.* (Mahanoy City Borough, Pennsylvania) FCC 75–1354, 57 FCC 2d 344 (1975). To do so would result in the public being deprived of signals whose carriage is consistent with the Rules based upon mere allegations of wrongdoing. Therefore, since Warner has submitted a consistent franchise, and its carriage is consistent with the signal carriage rules, we will grant special relief authorizing Warner's continued operation at Warrensburg, Missouri, pending resolution of *United Telephone*.

"In view of the foregoing, the Commission finds that authorization to continue operation of the above-captioned cable television system is consistent with the public interest.

"Accordingly IT IS ORDERED, That Warner Cable of Warrensburg, IS AUTHORIZED to continue operation of its cable television system at Warrensburg, Missouri, provided, however, that it seek certification for its system within thirty (30) days of the final disposition of *Warrensburg Cable Inc. v. United Telephone of Missouri, supra.*

"IT IS FURTHER ORDERED, That the 'Application for Certificate of Compliance' (CAC–6051) filed by Warner Cable of Warrensburg, IS DISMISSED.

"IT IS FURTHER ORDERED, That the 'Opposition' filed by Warrensburg Cable, Inc., IS DENIED."

On this appeal, the appellant asserts that the trial court lacked jurisdiction to grant injunctive relief because the FCC had primary jurisdiction of the certification procedure. Appellant also contends that the FCC order of June 30, 1976 has rendered the issues in this case moot.

There is no need to pursue the primary jurisdiction argument. It is clear that the basis of the trial court's grant of injunctive relief no longer exists. Respondent's claim for that remedy was based upon the illegality of appellant's operation without a city franchise and without FCC authority. The lack of a franchise has been supplied. The FCC order of June 30 clearly authorizes the continued operation of appellant in Warrensburg. As respondent contends, this order does not constitute a certificate of compliance and the FCC dismissed appellant's application for such certificate pending determination of another proceeding before the Commission. However, neither the circuit court nor this court is the proper forum for determination of the propriety of the procedure employed by the FCC. The order does remove any basis for relief in the courts of this state to respondent on the grounds that the appellant is operating illegally because of the lack of FCC approval.

Decree reversed.

All concur.